Brian G. Anderson, Esq.
Nevada Bar No. 10500
Andrea M. Champion, Esq.
Nevada Bar No. 13461
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Phone: (702) 222-2525
Fax: (702) 666-9108
bganderson@hollandhart.com
amchampion@hollandhart.com

Matthew J. Smith, Esq. *(Pro Hac Vice)*
Claire Wells Hanson, Esq. *(Pro Hac Vice)*
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Phone: (303) 295-8000
Fax: (303) 295-8261
mjsmith@hollandhart.com
cewellshanson@hollandhart.com

*Attorneys for Defendant Gary Tharaldson*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

JASON HALPERN,

    Plaintiff,

v.

GARY THARALDSON,

    Defendant.

CASE NO.:  2:15-cv-02037-JCM-GWF

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

  Upon consideration of the parties' Joint Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under Fed.R.Civ.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

  1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

1

2.     As used in this Protective Order, "Document" is defined to incorporate everything listed in Fed.R.Civ.P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

3.     As used in this Protective Order, "Lawsuit" means this action and any appeals therefrom.

4.     As used in this Protective Order, "Confidential Information" shall be information that is (1) confidential and implicates common law or statutory privacy interests of Plaintiff or Defendant, or (2) confidential and proprietary business information.

5.     Prior to designating any information as Confidential Information under this Protective Order, counsel for the producing party shall review the information to be disclosed and designate the information it believes in good faith is Confidential Information or otherwise entitled to protection.

6.     Confidential Information and all Documents produced in this Lawsuit shall be used only for the preparation and litigation of this Lawsuit, and shall not be disclosed or used for any other purpose including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

7.     All persons with access to Confidential Information produced by another party or a nonparty shall take all reasonable precautions necessary to ensure that no other person shall disclose or use Confidential Information for any purpose that does not relate to this Lawsuit or in any manner that is not permitted by this Protective Order.

8.     Confidential Information shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person *except* the following:

    a.     counsel of record in this Lawsuit;

    b.     persons employed by or associated with counsel of record in this Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    c.     third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

8627273_1

d.     representatives of entity parties deemed necessary by counsel for assistance with the prosecution or defense of this Lawsuit;

e.     expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

f.     deponents, witnesses, or potential witnesses to the extent counsel has a reasonable and good faith belief that such persons will be witnesses in this case and that the witnesses' examination with respect to the Confidential Information is necessary in connection with such testimony;

g.     the Court and its employees;

h.     stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit; and

i.     other persons upon written agreement of the parties.

9.     Before disclosing any Confidential Information to any person listed in paragraphs 8.e, 8.f, or 8.i above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A that such person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of the Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order. All such acknowledgments shall be retained by the counsel obtaining them and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10.     The designation of Documents as "Confidential" for purposes of this Protective Order shall be made in the following manner:

a.     In the case of Documents (including tif or pdf images of Documents) or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

b.     In the case of electronically stored information produced in native format, the storage media shall be marked with the legend "CONTAINS CONFIDENTIAL INFORMATION" and the producing party shall provide an electronic list (spreadsheet or table) by file name of all files that are so designated.

c.     In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure, that said deposition or pretrial testimony, or any portion thereof, is "Confidential." Counsel shall direct the

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

3

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

court reporter or counsel to affix the appropriate Confidential stamp to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential. Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

d.    The parties to this Protective Order may modify the procedure set forth in paragraph 10(c) through agreement of counsel on the record at such deposition without further order of the Court.

e.    The parties will have up to 30 days from the execution of this Protective Order to designate any Documents already produced as Confidential, and the parties may designate such Documents by written statement to opposing counsel identifying the particular Documents subject to this Protective Order.

11.    A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, either party may file an appropriate motion within ten business days after notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If either party fails to file such a motion within the prescribed time, the disputed information shall retain its Confidential designation and shall thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

12.    Subject to the Federal Rules of Civil Procedure and any other applicable law, the use of Confidential Information in this Lawsuit shall not cause the information to lose its confidential status.  Any party that wishes to file Confidential Information with the Court must move the Court to file such information under seal pursuant to Local Civil Rule 10-5(b).

13.     If a party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Information provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Information or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Information on the basis of this Protective Order except upon Court order entered after the notice and procedures set forth above have been followed.

14.     In the event of inadvertent production or disclosure of any Document that the producing party believes should have been designated Confidential, the producing party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document as Confidential and thereafter such Document and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of Confidential Information.

15.     In the event of an inadvertent disclosure of any Document that is subject to a claim by the producing party that the Document should have been marked Confidential prior to its production, or that the Document should have been withheld from disclosure as privileged or work product or by reason of some other limitation upon disclosure authorized by law, the disclosure of such Document shall extend only to the Document so inadvertently disclosed or produced and shall not extend to or affect the right to designate as Confidential, or to withhold from production as privileged or work product, any other Document, even though such Documents may relate to the same transaction or subject matter as the Document inadvertently disclosed.

16.     Any attorney-client privileged or work product Document inadvertently disclosed shall be returned to the producing party upon request, and all copies and materials including information from such Document shall be returned or destroyed, upon the parties agreeing that, or there being an order entered that: (a) such Document is protected by the attorney-client privilege or constitutes protected work product; and (b) such Document was inadvertently produced. Upon the date of receipt by the receiving party of a claim of inadvertent production, the privileged or work product status shall be deemed to be restored, and the Document shall not

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

8627273_1

be further disclosed or used except in connection with any proceedings contemplated in this paragraph, until the parties agree otherwise or the Court rules on the issue. The receiving party shall not be deemed to have

violated this Protective Order with respect to any use of such privileged or work product Document on a date prior to the making of such request for return of such Document.

17.    At the conclusion of this Lawsuit, unless other arrangements are agreed upon, each Document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential Documents. Where the parties agree to destroy Documents designated as Confidential, the destroying party shall provide all parties with an affidavit confirming the destruction.

18.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO STIPULATED:**

By: _/s/ Matthew J. Smith_
Brian G. Anderson, Esq.
Andrea M. Champion, Esq.
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

Matthew J. Smith, Esq. *(Pro Hac Vice)*
Claire Wells Hanson, Esq. *(Pro Hac Vice)*
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
*Attorneys for Defendant Gary Tharaldson*

By: _/s/ William R. Fried_
David A. Carroll, Esq. (NSB #7643)
Anthony J. DiRaimondo, Esq. (NSB #10875)
Rice Reuther Sullivan & Carroll, LLP
3800 Howard Hughes Pkwy., Suite 1200
Las Vegas, Nevada 89169

William R. Fried, Esq. (*Pro Hac Vice*)
Herrick Feinstein LLP
2 Park Avenue
New York, New York 10016

*Attorneys for Plaintiff Jason Halpern*

**IT IS SO ORDERED**

_George Foley Jr._

GEORGE FOLEY, JR.
United States Magistrate Judge

Dated:  May 11, 2016

EXHIBIT A
ACKNOWLEDGEMENT OF RECEIPT AND UNDERSTANDING

I, _____, have read and understand the Stipulated Confidentiality

Agreement and Protective Order entered in the *Halpern v. Tharaldson* matter (Case No. 2:15-cv-

02037-JCM-GWF), and hereby agree to comply with and be bound by the terms and conditions

of said Order, unless and until modified by further order of the Court. I will not disclose to any

individuals, other than those specifically authorized by the Court or in the Order, any documents

or information designated as Confidential Information pursuant to the Order which is disclosed

to me. Nor will I copy, use or disclose any documents or information designated as Confidential

Information pursuant to the Order except for the purposes of this lawsuit and/or any rights of any

of the parties related to this lawsuit and as authorized by the Order. I hereby consent to the

jurisdiction of the Court in this case for purposes of enforcing this Order.


Dated: _____        By: _____
                                              [SIGNATURE]



                   Print Name:    _____

                   Print Address: _____

                                  _____

8627273_1